UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER PATRICK LAFORTE,<br><br>                              Petitioner,<br><br>v.<br><br>R. GODWIN, Warden,<br><br>                              Respondent. | Case No.: 3:22-cv-0069-MMA-NLS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 10, 19]** |

Before the Court are Peter Patrick LaForte's ("Petitioner") Motions to Appoint Counsel. ECF Nos. 10, 19. Petitioner filed his petition for writ of habeas corpus on January 18, 2022, and proceeds *pro se*. ECF No. 1. After due consideration, and for the reasons discussed below, the Court denies the motions for appointment of counsel without prejudice.

**I.     BACKGROUND**

Petitioner seeks habeas relief for his state court conviction of assault with a deadly weapon. ECF No. 1. According to his state court proceedings, Petitioner entered a retail store and attempted to conceal a bottle of vodka under his clothing. ECF No. 16-1 at 3. When he was confronted by a store employee, Petitioner took the bottle and struck the employee, injuring him. *Id.* Petitioner plead guilty, admitted that he inflicted great bodily injury on the employee, and admitted to a prior serious felony conviction and prior strike.

1

In his habeas petition, Petitioner raises the following issues: (1) that the state court interfered with his right to have conflict-free counsel; (2) that the state court erred when it framed options to petitioner regarding counsel and withdrawing his plea; (3) that the state court should not have let him proceed to sentencing with an attorney with a conflict of interest; and (4) his trial counsel is ineffective. ECF Nos. 4-3, 4-4.

## II. LEGAL STANDARDS

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. Failure to appoint counsel may result in a due process violation if the issues involved are too complex for the petitioner. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). "A district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). Unless an evidentiary hearing is necessary, courts maintain discretion to determine whether to appoint counsel. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728-30.

## III. DISCUSSION

Petitioner filed two motions for appointment of counsel. In his first motion, he argues that he is not educated in federal law and that he does not have access to the law library due to Covid-19 restrictions. ECF No. 10. In his second motion, he argues that

he is indigent and unable to afford counsel. ECF No. 19. He also argues that counsel must be appointed where a court issues an order to show cause, citing a California Rule of Court. *Id.* at 2.

First, lack of education in the law does not warrant appointment of counsel, nor does financial hardship. *Taa v. Chase Home Fin.*, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting a *pro se* litigant's lack of legal training and poverty do not constitute exceptional circumstances, because many other litigants face similar difficulties when proceeding pro se) (citing *Wood v. Houseright*, 900 F.2d 1332-36 (9th Cir. 1990).

Second, while Petitioner complains in his first motion about lack of law library access because of Covid-19 restrictions, he does not make this same argument in his latter-filed second motion for appointment of counsel. Thus, it is not apparent to the Court that this is still a ripe concern. Furthermore, lack of access to the law library is belied by the filings on the record since Petitioner's first request for appointment of counsel. Petitioner has since been able to file a substantive, 26-page response to Respondent's answer, which includes extensive citations to case law and the record. ECF No. 21.

Finally, Petitioner argues that "when a court issues an order to show cause, counsel must be appointed for an indigent petitioner who requests counsel. California Rules of Court, Rule 4.551(c)(2) and Federal Rules of Court." ECF No. 19 at 2. However, the rule that Petitioner cites applies to habeas proceedings in California state court, not federal court and while Petitioner vaguely cites to "Federal Rules of Court," the Court is not aware of any such rule that applies in federal court. Rather, appointment of counsel in federal court is governed by the legal standards stated above.

//
//
//
//

## IV. CONCLUSION

Because Petitioner has not shown that any circumstances exist here that warrant appointment of counsel at this time, Petitioner's motions are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: September 19, 2022

_____
Hon. Nita L. Stormes
United States Magistrate Judge